UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00636-FDW-DSC

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| WILLIAM SALAZAR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Pro Se Amended Complaint [Doc. 9] and on Plaintiff's "Motion Pursuant to Rule 60(b) Federal Rules of Civil Procedure" [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 3].

**I.     BACKGROUND**

Pro se Plaintiff Gerald Damone Hopper ("Plaintiff") filed this action brought pursuant to 42 U.S.C. §§ 1983 and 1985 on November 29, 2021. [Doc. 1]. Plaintiff named William Salazar, identified as a Charlotte-Mecklenburg Police Department (CMPD) officer; and Tim Sielaff, Melodie Pellot-Hernandez, and FNU Hunt, all identified as Assistant District Attorneys; as Defendants in this matter. [Id. at 2-3]. Plaintiff sued all Defendants in their official capacities only, asserting claims under the Fourth, Fifth, and Fourteenth Amendments based on the alleged illegal seizure and search of his cell phone. [Id. at 2-3, 7-9]. Plaintiff claimed that Defendant Salazar improperly seized Plaintiff's cell phone as part of an investigation of Jimmy Love having shot Plaintiff, allegedly because Plaintiff called Love's 9-year-old daughter. [See Doc. 1].

On initial review, the Court found that Plaintiff failed to state a claim for relief against any Defendant in their official capacities or under 42 U.S.C. § 1985; dismissed Defendants Sielaff,

Pellot-Hernandez, and Hunt with prejudice based on prosecutorial immunity; and that it appeared that Plaintiff's claims were barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971), in any event. [Doc. 3]. The Court gave Plaintiff 30 days to amend his Complaint to state a claim for relief. [Id. at 6-7]. Plaintiff' timely filed an Amended Complaint. [Doc. 9]. In his Amended Complaint, Plaintiff sues Defendant Salazar in his individual capacity only and alleges facts sufficient to show that the Younger abstention doctrine does not apply. [See id.]. That is, he asserts that there is no ongoing investigation against him, he was never charged with a crime related to evidence found on his cell phone, and his cell phone has since been returned to him. [Doc. 9-1 at 2, 6, 11]. Plaintiff also clarifies and elaborates on some of his previous allegations against Defendant Salazar. [See Docs. 1, 9]. For injuries, Plaintiff claims he suffered various mental and emotional difficulties and lost wages. [Doc. 9 at 4]. For relief, Plaintiff seeks $1 million in compensatory damages and $1 million in punitive damages. [Id.].

Also before the Court is Plaintiff's motion for relief from the Court's initial review Order under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff asserts that his claims against Defendants Sielaff, Pellot-Hernandez, and Hunt should not have been dismissed and asks the Court to void its judgment and allow Plaintiff to pursue his claims against these Defendants. [Doc. 8]

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint

2

must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in her complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

Taking Plaintiff's allegations in Plaintiff's Amended Complaint as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff has sufficiently shown that the Younger abstention doctrine does not apply and that his amended claims against Defendant Salazar are not clearly frivolous. The Court will allow Plaintiff's Amended Complaint against Defendant Salazar to proceed and order the U.S. Marshal to effect service.

**IV.    PLAINTIFF'S RULE 60(B) MOTION**

Plaintiff now moves the Court to "void" its initial review Order under Federal Rule of Civil Procedure 60(b)(2) and (3), which allow the Court to relieve a party from a final judgment or order for "newly discovered evidence that, within reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or for "fraud …, misrepresentation, or misconduct of an opposing party." See Fed. R. Civ. P. 60(b)(2), (3).

Although Plaintiff cites Rule 60(b), the Order he wants the Court to revisit is not a final judgment or order within the purview of Rule 60 at all. To the extent Plaintiff intended to bring his motion under Rule 59(e), which allows the district court to alter or amend a judgment, a district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34

3

F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Plaintiff argues that Defendants Sielaff, Pellot-Hernandez, and Hunt (the "ADA Defendants") are not protected by prosecutorial immunity because they were performing investigative, rather than prosecutorial, functions and should not have been dismissed as Defendants. [Doc. 8 at 2 (citing Buckley v. Fitzsimmons, 509 U.S. 259 (1993))]. Plaintiff also presents additional facts through which he asserts that "the DA's Office, the Magistrate office, and the Clerk's office are acting in concert to misrepresent the facts, the evidence and the law, by committing fraud and other misconduct that his violated Plaintiff's Constitutional Rights…." [Id. at 5].

Assuming for the sake of Plaintiff's argument that prosecutorial immunity did not necessarily bar Plaintiff's claims against the dismissed ADA Defendants, Plaintiff's allegations against them were insufficient to state a claim in any event. Plaintiff alleged that, on separate occasions, he asked the ADA Defendants why his phone was seized. These Defendants told Plaintiff that his phone was important to proving whether Plaintiff called Jimmy Love's 9-year-old daughter. [Doc. 1 at 7]. Plaintiff also alleged that Defendants Sielaff and Pellot-Hernandez were present at a November 1, 2021 interview by Defendant Salazar [Id. at 7-8] and that "the Defendants illegally seized and searched Plaintiff's cellphone obviously looking for 'kiddie porn,'" after Plaintiff had acquiesced in the search of his previously seized phone[1] [Doc. 1 at 8; see Doc. 8 at 3]. These allegations were insufficient to state any claim for relief against the ADA Defendants. As such, they would have been dismissed as Defendants in any event. The Court,

---

[1] To be sure, the ADA Defendants were not responsible for seizing Plaintiff's cell phone and, according to Plaintiff's Rule 60(b) motion, "rummage[ed] through Plaintiff's cell phone" only after he begrudgingly consented to the search. [Id.].

4

therefore, will deny Plaintiff's motion whether asserted under Rule 60(b) or 59(e).

## V. CONCLUSION

In sum, Plaintiff's Amended Complaint against Defendant Salazar survives initial review, and the Court will order the U.S. Marshal to effect service on Defendant Salazar. Plaintiff's Rule 60(b) motion, which was also addressed under Rule 59(e) will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion [Doc. 8] is **DENIED**.

2. The Clerk is respectfully instructed to direct the U.S. Marshal to effectuate service of the Amended Complaint [Doc. 9] upon Defendant William Salazar using the Summons filed at Docket No. 1-2 at 1-2.

Signed: February 28, 2022

Frank D. Whitney
United States District Judge